USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 97-1676

 MARGO REAGAN, ET AL.,
 Plaintiffs, Appellees,

 v.

 RACAL MORTGAGE, INC., ET AL.,
 Defendants, Appellants.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Lynch, Circuit Judge,
and Stearns, District Judge.

 _____________________

 Richard L. O'Meara, with whom Charles P. Piacentini, Jr. and
Murray, Plumb & Murray were on brief, for appellants.
 Kurt E. Olafsen, with whom Olafsen & Butterfield was on brief,
for appellees St. Jean, et al.
 John G. Connor, with whom Law Office of John G. Connor was on
brief, for appellee Bruce Goulette.

 ____________________

 September 11, 1998
 ____________________ Per Curiam. In 1995, the plaintiffs filed their
complaints against Racal Mortgage, Inc. in which they sought
sanctions against Racal under Me. Rev. Stat. Ann. tit. 9-A, 9-
405(4) for making unauthorized supervised loans. In our previous
opinion in this case, we reviewed the procedural background of the
case, and the legal issues involved. See Reagan v. Racal Mortgage,
Inc., 135 F.3d 37 (1st Cir. 1998). To summarize, Racal had issued
table-funded mortgage loans to the plaintiffs in its own name. 
The Maine Consumer Credit Code requires that a lender be licensed
in order to make supervised loans, such as mortgage loans. See Me.
Rev. Stat. Ann. tit. 9-A, 2-301. Racal, however, was registered
in Maine as a credit services organization, not as a supervised
financial organization or licensed lender. Accordingly, the
district court entered summary judgment for the plaintiffs on this
issue, holding that the loans that Racal had issued to the
plaintiffs had been made in violation of the Maine Consumer Credit
Code. See Reagan v. Racal Mortgage, Inc., 952 F. Supp. 22, 31 (D.
Me. 1997).
 It is conceded by all parties involved that the Code
"penalizes a creditor who violates the regulations pertaining to
the making of supervised loans by relieving the debtor from the
obligation to pay certain loan charges." Reagan, 135 F.3d at 39. 
The penalty provisions of the Code, however, were amended in 1994
-- after Racal had issued the loans, but before the instant suit
was filed in the district court. A dispute arose as to which
version of the penalty provisions should apply to Racal's violation
of the Maine Consumer Credit Code. The choice is of great
consequence, because the 1994 amendment changed both the
circumstances under which the penalty would be imposed and the
magnitude of the penalty. Prior to 1994, the penalty was the
forfeiture of all interest due under the loan, but the creditor
could avoid the imposition of the penalty by showing that "the
violation was unintentional or the result of a bona fide error
notwithstanding the maintenance of procedures reasonably adapted to
avoid any such violations or error." Me. Rev. Stat. Ann. tit. 9-A,
 9-405(7) (West Supp. 1992). The 1994 amendments, however,
"limit[ed] the penalty to recovery of the application fee, prepaid
finance charges, closing costs, and the finance charges for the
first twelve months of the loan," but at the same time, eliminated
the affirmative defense at section 9-405(7). 135 F.3d at 39. 
 The plaintiffs contended that under both the Maine
general savings statute, Me. Rev. Stat. Ann. tit. 1, 302 (1997),
and Maine common law, the 1994 amendment could not be applied
retroactively to their complaint against Racal. See generallyRacal, 135 F.3d at 41-44 (discussing the parties' arguments
regarding the retroactivity of the amendment). The district court
agreed, and based on section 302, held that the 1994 amendment was
inapplicable to this case because the penalties provided by the
pre-1994 version of section 9-405(4) had been incurred before the
amendment took effect. In response, Racal argued that even if the
older version of the Code were applicable, no penalties should be
imposed because any violation of the Code that it might have
committed had been an unintentional or bona fide error. See Me.
Rev. Stat. Ann. tit. 9-A, 9-405(7). In particular, Racal argued
that it had not understood Maine law to prohibit credit services
organizations from making table-funded mortgage loans, as opposed
to issuing self-funded mortgage loans. The district court,
however, rejected the proffered defense. The court found that any
error committed by Racal would have been an error of law, which the
court held as a matter of law could not support a finding of
unintentional or bona fide error for purposes of section 9-405(7).
 On appeal, Racal challenged the district court's entry of
summary judgment on three different grounds. First, Racal
contended that it had not violated the Code, but we affirmed the
district court on this point. See Reagan, 135 F.3d at 41. Second,
Racal argued that the district court had erred in holding that
penalty provisions applicable were those provided by the pre-1994
version of the Code. Third, Racal asserted that the district court
erred in holding that, as a matter of law, a lender's ignorance of
the law could not support a finding of unintentional or bona fide
error for purposes of section 9-405(7). Finding insufficient
guidance in Maine statutory and case law, however, we certified to
the Supreme Judicial Court of Maine the following questions:
 I. For purposes of Me. Rev. Stat. Ann.
 tit. 1, 302, does a violation of Maine
 Consumer Credit Code section 9-405(4)
 constitute a "penalty" incurred at the
 moment the violation occurred?

 II. If the answer to Question I is no, do
 the 1994 amendments to the Maine Consumer
 Credit Code have retroactive effect under
 the common law of Maine?

 III. If the answer to Question I is yes,
 or the answer to Question II is no, can an
 error of law constitute a "bona fide
 error" for purposes of Maine Consumer
 Credit Code section 9-405(7)?
Racal, 135 F.3d at 46.
 The Maine Supreme Judicial Court has responded, answering
the first certified question in the affirmative. See Reagan v.
Racal Mortgage, Inc., ___ A.2d ___, 1998 ME 188, at 9 (Me. 1998). 
Consequently, the second question became moot and required no
answer. 
 The Supreme Judicial Court, however, also stated that it
was unable to provide a definitive answer to the third question
because the question did "not specify any particular error of law,
and thus present[ed] unresolved issues of fact." Id. Although the
Supreme Judicial Court's answer does not explicitly state so, we
interpret it to mean that errors of law are not categorically
excluded from being unintentional or bona fide errors for purposes
of section 9-405(7). Thus, depending on the facts of the case, a
lender's alleged error of law could be found to have been an
unintentional or bona fide error. Our conclusion is compelled by
the fact that the Supreme Judicial Court saw the existence of
unresolved issues of fact as preventing it from providing a final
answer to our question. Had the Court read section 9-405(7) to
exclude the possibility of errors of law being found to be
unintentional or bona fide errors, the existence of issues of fact
would have been considered irrelevant.
 In view of the Supreme Judicial Court's answer, we vacate
the summary judgment entered by the district court, and remand for
further factual determinations on the issue of the section 9-405(7)
affirmative defense. In particular, although the 1992 version of
the Code is applicable, the penalties provided by section 9-405(4)
should not be imposed unless it is determined as a matter of fact
that Racal's error was not unintentional or the result of a bona
fide error of law.
 Vacated and remanded.